UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| V. | NO. 09-259 |
| DERRICK MOSELY | SECTION "F" |

ORDER AND REASONS

Before the Court is Derrick Mosely's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion is DENIED.

**Background**

Derrick Mosely, a federal prisoner, asks this Court to vacate his 188-month sentence of imprisonment, in light of two recent Supreme Court decisions.

On April 1, 2010, Derrick Mosely pleaded guilty without a plea agreement to a three-count indictment, charging him with distributing a quantity of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Before Mosely entered his guilty plea, the Government filed a Bill of Information to Establish Prior Conviction, pursuant to 21 U.S.C. § 851(a). The Bill of Information indicated that Mosely had been convicted of a felony drug offense under Louisiana law on or about July 19, 2005 - possession with intent to distribute cocaine. Accordingly, as

to each count, Mosely faced a statutory maximum of 30 years' imprisonment.

Prior to sentencing, the U.S. Probation Office prepared a Presentence Investigation Report. Based on Mosely's 2005 conviction for possession with intent to distribute cocaine, coupled with a 1999 conviction for possession with intent to distribute and distribution of cocaine, the PSR classified Mosely as a career offender under U.S.S.G. § 4B1.1.[1] Because Mosely faced a statutory maximum penalty of 30 years' imprisonment, his designation as a career offender resulted in a base offense level of 34 and a total offense level of 31, following a reduction for acceptance of responsibility. When combined with a criminal history category of VI, the Sentencing Guidelines called for an

---

[1] Pursuant to § 4B1.1(a) of the United States Sentencing Guidelines, a defendant is a career offender if:
> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(b), in turn, defines "controlled substance offense" as
> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

imprisonment range of 188 to 235 months.  On October 20, 2010, the Court sentenced Mosely to 188 months' imprisonment.  He did not file a direct appeal.

Invoking two recent Supreme Court decisions, Mosely now seeks post-conviction relief from his sentence pursuant to 28 U.S.C. § 2255.

I.

A prisoner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to release from custody on the ground that a sentence ordered by a federal court "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a).[2]  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless it constitutes a "fundamental" error that "renders the entire proceeding irregular

---

[2] Section 2255 identifies only four bases that might support a motion to vacate: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose [the] sentence," (3) "the sentence . . . exce[eds] the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack."  Id.

3

and invalid." United States v. Addonizio, 442 U.S. 178, 186 (1979). Because a defendant may challenge the district court's technical application of the Sentencing Guidelines on direct appeal, such a claim is not cognizable on collateral review. See Cardenas v. United States, No. 1:16-306, 2018 WL 4599838, at *17 (S.D. Tex. May 7, 2018) (citing United States v. Hixon, 62 F.3d 393 (5th Cir. 1995)); United States v. Porter, No. CR 01-282, 2007 WL 4348953, at *8 (E.D. La. Dec. 7, 2007) (Vance, J.) (citing United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994)).

The Court "may entertain and determine [a motion to vacate] without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c). Having considered the record, the motion, and the government's response, the Court finds that the record is adequate to address the petitioner's claims and to dispose of them as a matter of law. Accordingly, no evidentiary hearing is necessary. See United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995) ("[I]f on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary . . . .").

A habeas petitioner has the burden of establishing his claims by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980) (citations omitted). If the Court finds that the petitioner is entitled to relief, it "shall vacate

and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### B.

A motion to vacate filed under § 2255 is subject to a one-year limitations period, which runs from the latest of: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to filing the motion is removed; (3) when the Supreme Court initially recognized as a new right the legal predicate for the motion, if that right has been made retroactively applicable to cases on collateral review; or (4) when the petitioner could have discovered, through due diligence, the factual predicate for the motion. 28 U.S.C. § 2255(f). Although the one-year limitations period does not operate as a jurisdictional bar, the Fifth Circuit cautions that equitable tolling is appropriate only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

## II.

Through his initial habeas petition and an amendment, Mosely challenges his sentence on two grounds: (1) the prior convictions used to enhance his sentence fall within the "residual clause," which was declared unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551 (2015); and (2) he should not have been

sentenced as a career offender under U.S.S.G. § 4B1.1 because, in light of Mathis v. United States, 136 S. Ct. 2243 (2016) and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), his prior convictions do not qualify as "controlled substance offenses." The government counters that Mosely's claims are procedurally barred because he failed to file a direct appeal (and therefore failed to argue on appeal that the residual clause in the career offender guideline enhancement was unconstitutionally vague or that the enhancement did not apply to him). The government also contends that Mosely's claims fail on the merits: Johnson is limited to the Armed Career Criminal Act's residual clause, and his argument concerning Mathis, Hinkle, and the calculation of the Guidelines is inappropriate for collateral review.

The Court agrees that Mosely's claims fail as a matter of law and also finds that his motion must be denied for the independent reason that it is untimely.

*A.*

*i.*

Mosely was sentenced on October 20, 2010 and did not take advantage of the direct appellate process. Therefore, his conviction and sentence became final in November of 2010, fourteen days after the Court's entry of judgment. Because the deadline to seek relief under 28 U.S.C. § 2255(f)(1) expired one year later – in November of 2011 – and Mosely did not file the instant § 2255

6

motion until April of 2016, his petition does not comply with the time limitation set forth in § 2255(f)(1).

*ii.*

In asking this Court to review his case under two recent Supreme Court decisions, <u>Johnson</u> and <u>Mathis</u>, Mosely appears to argue that his motion (and amendment) are timely under § 2255(f)(3) because he filed each pleading within one year of the respective decision. Mosely's reliance on <u>Johnson</u> and <u>Mathis</u> to overcome the one-year limitations bar is misplaced.

Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Mosely attempted to assert a claim under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) in his initial motion to vacate, which he filed in April of 2016. Although this claim was asserted within one year of the <u>Johnson</u> decision, and it is well-settled that <u>Johnson</u> recognized a new right to relief that is retroactive to claims on collateral review,[3] <u>Johnson</u> does not afford this petitioner an avenue for relief.

---

[3] See <u>United States v. Tolliver</u>, 772 F. App'x 144, 146 (5th Cir. 2019) ("It is undisputed that <u>Johnson</u> announced a new rule. And the Supreme Court has since made it retroactive to cases on collateral review.") (citing <u>Welch v. United States</u>, 136 S. Ct.

7

The Supreme Court in Johnson v. United States held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act was unconstitutionally vague. 135 S. Ct. at 2557.[4] Pursuant to the ACCA, if a defendant convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) has three previous convictions for a "violent felony" or a "serious drug offense," his or her statutory imprisonment range increases from 0 to 10 years to a range of 15 years to life imprisonment. 18 U.S.C. § 924(e)(1).

Because Mosely was not sentenced under the ACCA, the holding of Johnson does not affect the validity of his sentence. Moreover, and fatal to Mosely's claim here, the Supreme Court has expressly held that the Johnson vagueness challenge does not extend to the advisory Sentencing Guidelines. Beckles v. United States, 137 S. Ct. 886, 892 (2017) ("The residual clause in § 4B1.2(a)(2) . . . is not void for vagueness" because "the advisory Guidelines do not fix the permissible range of sentences" and, therefore, "are not subject to a vagueness challenge under the Due Process Clause."). Thus, Mosely's reliance on Johnson does not trigger § 2255(f)(3)'s

---

1257, 1264-65 (2016)); In re Arnick, 826 F.3d 787, 788 (5th Cir. 2016) (per curiam) ("Johnson announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review.") (internal citations omitted).
[4] The residual clause of the ACCA defines "violent felony" as any crime punishable by more than one year of imprisonment "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

8

limitations period. See Tolliver, 772 F. App'x at 146 ("Because [the petitioner] has not shown Johnson governs his motion, the motion is untimely.") (internal citations omitted).

Mosely's supplemental claims under Mathis v. United States, 136 S. Ct. 2243 (2016) and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016) also do not render his motion timely under 28 U.S.C. § 2255(f)(3). The Fifth Circuit has emphasized that "Mathis neither sets forth a new rule of constitutional law nor applies retroactively to cases on collateral review." Pisciotta v. Harmon, 748 F. App'x 634, 635 (5th Cir. 2019) (per curiam) (citing In re Lott, 838 F.3d 522, 523 (5th Cir. 2016)). And Hinkle, of course, is not a Supreme Court decision. Because the petitioner fails to satisfy any prong enumerated by 28 U.S.C. § 2255(f), his application for habeas relief is untimely.

*B.*

Even if Mosely's motion was timely, he still would not be entitled to habeas relief under Johnson, Mathis, or Hinkle.

Mosely contends that the application of the career offender guideline enhancement was improper in light of the Supreme Court's decision in Johnson. Because the Court has already determined, in the context of its timeliness analysis, that Johnson does not apply to Mosely's case in any respect, the Court likewise finds that Mosely's Johnson claim fails on the merits.

9

In a supplement to his motion to vacate, Mosely adds that he should not have been sentenced as a career offender under U.S.S.G. § 4B1.1 because, in light of Mathis and Hinkle, his prior convictions do not qualify as "controlled substance offenses." In Mathis v. United States, 136 S. Ct. 2243 (2016), the Supreme Court elaborated upon when a district court may look to certain documents to determine whether a prior conviction matches a generic predicate offense for sentence-enhancement purposes. According to Mathis, which addressed a sentence imposed under the ACCA, the "modified categorical approach" is available only when an alternatively phrased statute contains different "elements" but not different "means" of committing the offense. Id. at 2256.[5]

Relying on Mathis, the Fifth Circuit held in United States v. Hinkle, 832 F.3d 569, 574-77 (5th Cir. 2016) that a conviction for the knowing delivery of heroin under a Texas narcotics statute was not a "controlled substance offense" under the Sentencing Guidelines, and therefore, did not implicate the career offender enhancement. Because the definition of "delivery" in the Texas

---

[5] The statute at issue in Mathis – Iowa burglary – applied to unlawful entry into a building, *or* a structure, *or* a vehicle, the latter of which fell beyond the generic definition of burglary under the ACCA. Id. at 2250. Because the Iowa statute listed alternative means and not alternative elements, the modified categorical approach was unavailable, and the district court could not consult state court documents to determine whether the defendant's previous burglary was of a building or a structure ("violent felonies") or of a vehicle (not a "violent felony"). Id. at 2256-57.

10

law set forth various means of committing the offense, some of which fell beyond the generic definition of controlled substance offense under the Guidelines, the statute of conviction was broader than the relevant Guidelines offense, and the modified categorical approach was unavailable to narrow the offense of which the defendant was convicted. Id.

Mosely's reliance on Mathis and Hinkle is misplaced for several reasons. First, Mathis does not directly apply to Mosely's case because his sentence was enhanced under the Sentencing Guidelines, not the ACCA. Moreover, unlike the Texas statute in Hinkle, which enumerated alternative means for delivering narcotics, the Louisiana statute responsible for Mosely's sentence enhancement contains no such problematic language. To the contrary, the Louisiana law under which Mosely was twice convicted[6] punishes the production, manufacturing, distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense a controlled dangerous substance. See La. R.S. § 40:967(A). Finally, even if Mathis and Hinkle were found to apply to Mosely's case, the petitioner is nonetheless not entitled to the relief he requests. The Court notes that the final Presentence

---

[6] On September 17, 1999, Derrick Mosely was convicted of possession with intent to distribute cocaine and distribution of cocaine in the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana. Six years later, on July 19, 2005, Mosely was convicted of possession with intent to distribute cocaine in the 17th Judicial District Court for the Parish of Lafourche, Louisiana.

11

Investigation Report prepared in this case classified Mosely as a career offender under U.S.S.G. § 4B1.1. To the extent that finding was in error, such a challenge is not cognizable on collateral review. See Cardenas, 2018 WL 4599838, at *17; Porter, 2007 WL 4348953, at *8.

Thus, Mosely's application for habeas relief is both untimely and without merit.[7]

C.

Rule 11 of the Rules Governing Section 2255 Proceedings states:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.

A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to obtain a certificate of appealability, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S.

---

[7] Because the Court finds that Mosely's motion to vacate must be denied as untimely and as a matter of law, the Court does not reach the government's alternative procedural default argument.

473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). Because Mosely's motion to vacate is untimely and the Sentencing Guidelines were not affected by Johnson, Mosely has not made a substantial showing of the denial of a constitutional right.

Accordingly, for the foregoing reasons, IT IS ORDERED: that Derrick Mosely's motion to vacate, set aside, or correct sentence is DENIED, and his habeas petition is dismissed with prejudice. IT IS FURTHER ORDERED: that the Court shall not issue a certificate of appealability.

New Orleans, Louisiana, August 21, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE