## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**  **CRIMINAL ACTION**

**v.**  **NO. 09-259**

**DERRICK MOSELY**  **SECTION I**

### ORDER & REASONS

Before the Court is a motion to reduce sentence pursuant to 18 U.S.C. 3582(c)(1)(A) filed by defendant Derrick Mosely.[1] The government opposes the motion.[2] After careful consideration of the motion, the government's opposition brief, and the applicable law, the motion is **DENIED.**

### I.    FACTS AND PROCEDURAL HISTORY

Derrick Mosely was indicted on a three-count indictment on charges of distribution of cocaine in August of 2009.[3] On April 1 of 2010, Mosely plead guilty to knowingly and intentionally distributing a quantity of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[4] He was subsequently sentenced to 188 months' imprisonment and, upon conclusion of that term, six years of supervised release.[5] Mosely is serving his sentence at USP Coleman I in Florida and his expected release date is February 19, 2024.[6]

Mosely has filed many post-conviction motions. He requested appointment of counsel in

---

[1] R. Doc. 98.
[2] R. Doc. 102.
[3] R. Doc. 1.
[4] R. Doc. 34.
[5] R. Doc. 46 at 1.
[6] *See Inmate Locator*, *Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited August 4, 2022).
[7] R. Doc. 50.

February of 2020.[7] This request was denied as he demonstrated no exceptional circumstances

justifying counsel.[7] He then filed a motion to vacate under 28 U.S.C. § 2255,[9] followed that up

with a renewed motion for counsel,[8] and eventually amended his motion to reflect what he believed

were changes in case law.[11] After additional requests to amend[12] and for appointed counsel,[9] and

following briefing from the United States,[10] the Court denied his § 2255 motion as "both untimely

and without merit."[11] Mosely then filed two motions to reduce his sentence pursuant to the First

Step Act – in the first, filed in September of 2019, he requested information from the Court as to

whether or not he was eligible for relief.[12] The Court denied this motion without prejudice, inviting

Mosely to discover any potential relief on his own.[13] In the second, filed in April of 2020, Mosely

again filed for a reduction in sentence, citing the Coronavirus pandemic and the First Step Act.[14]

That motion too was denied without prejudice for failure to exhaust administrative remedies.[19]

Mosely again filed a motion for reduction in sentence in January of 2021, which "contain[ed] a

veritable grab bag of seemingly inapposite theories for sentence reduction," some of which had

already been considered and rejected by the Court.[15] As such, and having considered the merits,

---

[7] R. Doc. 51.
[9] R. Doc. 54.
[8] R. Doc. 55. [11]
R. Doc. 62. [12]
R. Doc. 68.
[9] R. Doc. 69.
[10] R. Doc. 67.
[11] R. Doc. 73 at 12.
[12] R. Doc. 75.
[13] R. Doc. 81.
[14] R. Doc. 78.
[19] R. Doc. 79.
[15] R. Doc. 86 at 2.

the Court denied the motion.[16] Mosely once again requested information as to whether or not he was eligible for a sentence reduction in August of 2021.[22] The Court construed the motion as a request to reduce his sentence and denied it.[23]

_____

Mosely filed the first version of this motion in March of this year.[17] After two modifications, the final version of the motion was filed in June.[25] The government filed a response to the motion on June 24.[18] In his motion, Mosely seeks a sentence reduction due largely to the Coronavirus pandemic and his "chronic medical conditions of Obesity; Hypertension; and Cigarette Smoker for over 10 years prior to incarceration."[19] Mosely also suggests that he would no longer be considered a career offender if he were to be sentenced today.[20] He likewise submits that his post-conviction conduct warrants compassionate release.[21]

 In response, the government contends that Mosely has not satisfied the requirements for compassionate release. They state that Mosely has not carried his burden to demonstrate that he has exhausted his administrative remedies, as his documentation of the claim contains neither a date nor a fulsome account of the reasons for which he seeks compassionate release. [22] Alternatively, the government submits that Mosely's motion should be denied on the merits, as he has failed to demonstrate the existence of "extraordinary and compelling reasons." [23] The

_____

[16] R. Doc. 86.
[22] R. Doc. 90.
[23] R. Doc. 91.
[17] R. Doc. 92.
[25] R. Doc. 98.
[18] R. Doc. 102.
[19] R. Doc. 98 at 5.
[20] *Id.* at 8-21.
[21] *Id.* at 21-24.
[22] R. Doc. 102 at 5-9.
[23] *Id.* at 9-17.

government also contests Mosely's statement of law regarding the ongoing viability of the sentencing enhancements which led to Mosely's sentence.[24] Finally, the government contends that the relevant factors concerning post-conviction conduct weigh against release,[25] and notes that in any case that the Court has no authority to order the home confinement Mosely requests.[26]

## II.     LAW AND ANALYSIS

### A. Exhaustion of Administrative Remedies

18 U.S.C. § 3582(c)(1)(A) forbids the court from modifying a term of imprisonment except, in relevant part, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden …, whichever is earlier."[27] Mosely submits that he filed a request with the warden of his facility on April 25, 2022, which was more than 30 days before the filing of the motion with this Court.[36] While he provides the Court with what he claims is a copy of the request, the copy is undated and unauthenticated, and there is nothing to prove that the warden received the request.[28] "The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies."[29] The government further submits that it contacted

---

[24] *Id.* at 17-19.
[25] *Id.* at 19-21.
[26] *Id.* at 21-24.
[27] 18 U.S.C. § 3582(c)(1)(A)
[36] R. Doc. 98 at 2.
[28] *See* R. Doc. 98-1.
[29] *United States v. Metz*, No. CR 92-469, 2020 WL 2838593, at *2 (E.D. La. June 1, 2020).

the Warden through Bureau of Prison counsel and that the Warden's office "indicated that it has no record of any correspondence from the defendant."[30]

"[A] defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a compassionate release sentence reduction."[31] Moreover, the Court cannot consider any allegedly "extraordinary and compelling" reasons that have not been first evaluated by an inmate's warden. While Mosely noted that he had "chronic underlying Medical Conditions" in the request he allegedly sent to the Warden, he did not explain with specificity what those medical conditions are as required for exhaustion.[32] "The statute's language is mandatory. Congress has commanded that a 'court may not modify a term of imprisonment' if a defendant has not filed a request with the BOP. … And because the government properly raised the rule in the district court, this 'court *must* enforce the rule.'"[33] The Court denies this motion without prejudice to Mosely's ability to demonstrate that he fully exhausted his administrative remedies.[34]

---

[30] R. Doc. 102 at 7.

[31] *United States v. Vedros*, No. CR 14-237, 2020 WL 2838589, at *2 (E.D. La. June 1, 2020)

[32] *See United States v. Gonzalez*, 849 F. App'x 116, 117 (5th Cir. 2021) (Gonzalez' request to the warden stated, inter alia, he suffered from an unspecified 'terminal medical condition'; it did not discuss the conditions referenced in his subsequent § 3582(c)(1)(A) motion. Given that Gonzalez did not exhaust his claim, we do not consider the court's alternative denial on the merits.").

[33] *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (citations omitted) (emphasis in original).

[34] While the Court does not address the merits of Mosely's claim as it is without jurisdiction to do so, the Court notes that it is skeptical that Mosely could demonstrate extraordinary and compelling reasons for a reduction in sentence. For one, the Court notes that Mosely's argument concerning the sentencing enhancement has already been raised and denied in this case on two occasions. *See* R. Doc. 73 at 7-12, *see also* R. Doc. 86 at 2 n.4. [44] R. Doc. 98.

### III.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Derrick Mosely's motion to reduce sentence pursuant to 18 U.S.C. 3582(c)(1)(A)[44] is **DENIED** without prejudice for failure to exhaust administrative remedies.

New Orleans, Louisiana, August  4, 2022.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**